# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN ANTHONY FARIAS,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN DUCART,<br><br>    Respondent. | Case No.: 1:15-cv-00720-JLT<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR LACK OF HABEAS JURISDICTION<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY-ONE DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE TO CASE |

Petitioner was convicted of second degree murder and use of a firearm in the Tulare County Superior Court. (Doc. 1, p. 1). In November 2004, that Court sentenced him to an aggregate term of forty-years-to-life. Id.

In his petition for habeas petition, he challenges only the state court's imposition of a $5,000 restitution fine. Such a claim fails to invoke the Court's habeas jurisdiction because it does not satisfy the "in custody" requirement. As a result, the Court recommends the petition be **DISMISSED.**

## I.    Habeas standing

Pursuant to 28 U.S.C. § 2254(a), "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the

1

Constitution or laws or treaties of the United States." (Emphasis supplied). The "in custody" requirement is jurisdictional for a federal habeas court. Baily v. Hill, 599 F.3d 976, 978 (9th Cir. 2010).

The "in custody" requirement of federal habeas law has two aspects. First, the petitioner must be "under the conviction or sentence under attack at the time his petition is filed." Baily, 599 F.3d at 978-979, quoting Resendiz v. Kovensky, 416 F.3d 952, 956 (9th Cir. 2005). For this aspect of "in custody," actual physical custody is not indispensable to confer jurisdiction; rather, the court will have habeas jurisdiction if a sufficient "restraint on liberty," as opposed to a mere "collateral consequence of a conviction," exists. Id. at 979. In this case, because Petitioner was in physical custody of Respondent at the time he filed the instant petition, this first aspect of the "in custody" requirement is not at issue.

Second, the petitioner must demonstrate that there is "a nexus between the petitioner's claim and the unlawful nature of the custody." Baily, 599 F.3d at 980. Thus, "It is not enough for [petitioner] to say, in substance, my custody is okay and consistent with federal law, but I should not be burdened by this restitution requirement. What [petitioner] is required to pay in restitution is not by ordinary meaning a part of his custody. Id.

In Baily, the Court flatly rejected habeas jurisdiction under such circumstances where the petitioner seeks only to challenge the imposition of restitution.

> [Petitioner's] challenge to the restitution order lacks any nexus, as required by the plain test of § 2254(a), to his custody. While [petitioner's] liberty has been severely restrained by his conviction and custodial sentence, the remedy that [petitioner] seeks, the elimination or alteration of a money judgment, does not directly impact–and is not directed at the source of the restraint on–his liberty. If successful, [petitioner] could reduce his liability for restitution but would still have to serve the rest of his custodial sentence in the same manner; his remedy would affect only the fact or quantity of the restitution that he has to pay to the victim. [Petitioner's] argument is only that he has been ordered to pay restitution "in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), and not that his custody is unlawful. That he is in physical custody while attacking the restitution order is insufficient to confer jurisdiction over his habeas petition.

Baily, 599 F.3d at 981.

As in Baily, here the petition does not challenge any other aspect of Petitioner's 2004 conviction in the Tulare County Superior Court. Rather, Petitioner's only complaint is the legality and amount of the restitution fine that was imposed, arguing that evidence of Petitioner's inability to pay such a restitution amount makes the restitution order illegal. For the reasons explained above, Petitioner's physical custody is insufficient to confer habeas jurisdiction for the restitution challenge

contained in the instant petition.  Id.  In the absence of any challenge to Petitioner's conviction and sentence, the required nexus between the Petitioner's sole claim and the unlawfulness of Petitioner's custody is absent.  Id.  Accordingly, without habeas jurisdiction, the Court cannot proceed on those claims.  Id.

**ORDER**

The Court HEREBY DIRECTS the Clerk of the Court to assign this case to a United States District Judge.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the instant petition for writ of habeas corpus be dismissed for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  **Within 21 days** after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed **within ten 10 days** after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 15, 2015**           /s/ Jennifer L. Thurston
                              UNITED STATES MAGISTRATE JUDGE